**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| **ERIC MONTGOMERY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CBD-15-01658** |
| | ) | |
| **CAROLYN W. COLVIN** | ) | |
| | ) | |
| **Acting Commissioner,** | ) | |
| **Social Security Administration** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

<u>**MEMORANDUM OPINION**</u>

Eric Montgomery ("Plaintiff") brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 10) and Defendant's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 11).  The Court has reviewed the motions, related memoranda, and the applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons presented below, the Court hereby **GRANTS** Plaintiff's Motion, **DENIES** Commissioner's Motion, and **REMANDS** this matter to the Commissioner for further proceedings consistent with this opinion.

##### I.     Procedural Background

On December 20, 2011 Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning December 5, 2011.  R. 15.  The claim

was initially denied on June 12, 2012, and denied again upon reconsideration on November 26, 2012.  *Id.*  On November 30, 2012, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ").  *Id.*  Plaintiff appeared and testified at a hearing on February 11, 2014.  *Id.*  On March 6, 2014, in a written decision, the ALJ determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act.  R. 22.  On April 8, 2014, Plaintiff requested a review of the ALJ's decision.  R. 10.  On April 8, 2015, the Appeals Council denied Plaintiff's request for review.  R. 1-3.

## II.   Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2015). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  42 U.S.C. § 405(g) (2015) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 Fed. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).  Substantial evidence is "more than a mere scintilla."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*; *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Id.* (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Court shall find a person legally disabled under Title II if he is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(iii). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v).  If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that he is disabled at steps one through four, and Defendant has the burden to prove that Plaintiff is not disabled at step five. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)).

## III.    Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process.  At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 5, 2011.  R. 17.  At step two, the ALJ determined that Plaintiff had the following severe impairment: degenerative disc disease of the lumbar spine with radiculopathy, status post L4-S1 fusion.  *Id.*  The ALJ concluded that this impairment "has caused more than minimal limitations" in Plaintiff's ability to perform work activities.  *Id.*  At step three, the ALJ found that Plaintiff's condition does not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).  R. 18.  Between steps three and four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with the limitations that he can: (1) lift and carry ten pounds occasionally and carry less than ten pounds frequently, (2) stand and/or walk about six hours in an eight hour workday, (3) sit for a total of six hours in an eight hour workday, (4) occasionally stoop, kneel, crouch, and crawl, (4) climb ropes, ladders, and scaffolds, and (5) has to alternate between sitting and standing every thirty minutes.  *Id.*  At step four, the ALJ determined that Plaintiff is unable to do past work.  R. 20.  At step five, the ALJ determined that there is a significant number of jobs in the national economy that Plaintiff could perform after taking into account his age, education, work experience, and RFC.  *Id.*

On appeal, Plaintiff argues that the Court should enter judgment as a matter of law in his favor or in the alternative, remand this matter to the Social Security Administration for a new administrative hearing, for the following reasons:

1. The ALJ erroneously evaluated Plaintiff's subjective complaints, and

2. The ALJ erroneously evaluated Plaintiff's RFC.

For the reasons set forth below, the Court remands this matter to the Commissioner.

**A.  The ALJ improperly evaluated Plaintiff's subjective complaints.**

Plaintiff argues that the ALJ's finding that Plaintiff was not credible is not supported by substantial evidence and must be reversed.  Pl.'s Mot. 5.  Plaintiff contends that the ALJ improperly evaluated his subjective complaints because the ALJ failed to consider the following required factors: Plaintiff's statements about his symptoms with other relevant evidence; Plaintiff's daily activities; the location, duration, frequency, and intensity of Plaintiff's pain or other symptoms; factors that precipitated and aggravated Plaintiff's symptoms; the type, dosage, effectiveness, and side effects of the medication that Plaintiff took; the treatment other than medication that Plaintiff receives or has received; and any other measures other than treatments that Plaintiff receives to relieve pain.  *Id.*  Plaintiff cites to *Hammond v. Heckler*, 765 F.2d 424 (4th Cir. 1985) and Social Security Ruling ("SSR") 96-7 in support of his arguments.  Pl.'s Mot. 3-5.

Defendant responds that the ALJ properly determined Plaintiff's credibility regarding his subjective complaints.  Def.'s Mot. 5.  Defendant further argues that Plaintiff failed to offer any specific evidence that the ALJ failed to properly evaluate.  *Id.*  Defendant finally argues that credibility determinations are best suited for the ALJ "and the Court should not reweigh

conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ." *Id.*

The ALJ in this case did not explain his credibility finding; therefore, the Court concludes there is not substantial evidence to support the ALJ's conclusion that Plaintiff was not credible.  The Fourth Circuit "has long required specific references to the evidence supporting an ALJ's decision as part of the ALJ's 'duty of explanation.'" *See v. Washington Metro. Transit Auth.*, 36 F.3d 375, 384 (4th Cir. 1994) (citing *Hammond*, 765 F.2d at 426) (citation omitted). When the ALJ makes credibility determinations, "such decisions should refer specifically to the evidence informing the ALJ's conclusion." *Hammond*, 765 F.2d at 426.  "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, . . . an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *See*, 36 F.3d at 384 (quoting *Cotter v. Harris*, 642 F.2d 700, 706–07 (3rd Cir. 1981)).

"The ALJ is required to make credibility determinations—and therefore sometimes must make negative determinations—about allegations of pain or other nonexertional disabilities." *Hammond*, 765 F.2d at 426 (citation omitted).  The ALJ is allowed to make negative credibility determinations, but he must do so with an adequate explanation.  *Id.*  If an ALJ fails to properly explain his credibility determination of Plaintiff's subjective complaints, then the case must be remanded for a more detailed description.  *See Siddiqui v. Colvin*, 95 F. Supp. 3d 833, 846 (D. Md. 2015) (remanding the case because the ALJ did not properly evaluate the plaintiff's subjective complaints because he did not provide a thorough explanation); *see also Bostrom v. Colvin*, 134 F. Supp. 3d 952, 960 (D. Md. 2015) (remanding on the grounds that the ALJ failed

to properly evaluate the plaintiff's credibility because he did not provide an adequate explanation).

The ALJ must offer more than a "single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"   SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996).  "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  *Id.* at 4.

In this case, the ALJ did not sufficiently explain why he did not find Plaintiff's subjective complaints credible.  The ALJ stated that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. 19.  It is unclear what portion of the decision the ALJ is referring to.  In this case, it is not enough for the ALJ to say that he will explain his reasons later, or for "the reasons explained in this decision," without articulating the specific portions that relate to credibility.  Since there is very little explanation, it is unclear whether the ALJ took into account the factors that are required in his credibility determination. Therefore, the Court concludes there is not substantial evidence to support the ALJ's decision. The Court is remanding the case so that the ALJ can properly explain his credibility assessment. *See Siddiqui*, 95 F. Supp. 3d at 846.

**B.  The ALJ properly evaluated Plaintiff's RFC.**

On May 29, 2012, Plaintiff underwent a consultative musculoskeletal examination with Dr. Rashid Khan, a consulting orthopedist.  Dr. Khan opined that Plaintiff was completely unable

7

to bend.  Plaintiff argues that the ALJ failed to evaluate this opinion and failed to include

Plaintiff's inability to bend in his RFC assessment without explanation.  Pl.'s Mot. 8.  Plaintiff

contends that since Dr. Khan's opinion that Plaintiff cannot bend is potentially outcome

determinative, the ALJ's failure to address this limitation was erroneous under *See*.  Pl.'s Mot. 9.

To bolster his argument, Plaintiff cites SSR 96-9p, 1996 WL 374185 (July 2, 1996), which

provides in part that "a complete inability to stoop would significantly erode the unskilled

sedentary occupational base."  Plaintiff further argues that, if Dr. Khan's opinion were given the

proper weight, there would be no jobs in the national economy that Plaintiff could perform.  Pl.'s

Mot. 8.

Defendant responds that the ALJ's decision did consider Dr. Khan's opinion and the ALJ

used this opinion to arrive at his RFC finding.  Def.'s Mot. 6.  Defendant further argues that

Plaintiff's argument is a request to reweigh the evidence, which is beyond the scope of judicial

review.  Def.'s Mot. 7.  Furthermore, Defendant asserts that even if the ALJ should have found

that Plaintiff should never bend, Plaintiff cannot show that this was harmful error because

bending is not required in the positions identified by the vocational expert ("VE").  *Id.*

In this case, the ALJ properly evaluated Plaintiff's RFC.  "An ALJ's decision is

statutorily required to include a discussion of 'findings and conclusions, and the reasons or basis

therefor, on all the material issues of fact, law, or discretion presented on the record.'"  *See*, 36

F.3d at 384 (citations omitted).  "Strict adherence to this statutorily-imposed obligation is

'critical to the appellate review process[.]'"  *Id.* (citations omitted).  An ALJ can assign the

opinion of a non-treating physician great weight if it is consistent with the other medical

evidence on the record.  *See Johnson v. Barnhart*, 434 F.3d 650, 657 (4th Cir. 2005).

The ALJ considered the record and provided a thorough explanation as to why he assigned "some weight" to Dr. Khan's opinion.  R. 20.  The ALJ explained that Dr. Khan's opinion lacked the "specificity needed to be given great weight."  *Id.*  Dr. Khan opined that Plaintiff "was 'significantly limited' in his ability to sit, stand, and walk for prolonged periods; and he was unable to bend, lift/carry heavy objects, and push/pull heavy objects.  R. 19.  The state medical consultants opined that Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, stand or walk for six hours in an eight-hour work day, sit for about six hours in an eight-hour work day, and occasionally stoop, kneel, crouch, crawl, and climb ladders ropes and scaffolds.  *Id.*  The ALJ did, however, use Dr. Khan's opinion to temper the weight given to the state medical consultants because Dr. Khan concluded that Plaintiff could not lift heavy objects, while the state medical consultants concluded that he could lift twenty pounds occasionally and ten pounds frequently.  R. 20.  Undoubtedly the ALJ used this evidence and explained why he afforded Dr. Khan's opinion less weight.

Since the ALJ offered an explanation for the weight given to Dr. Khan's opinion, there is substantial evidence supporting the ALJ's decision.  *See Burch v. Apfel*, 9 Fed. Appx. 255, 260 (4th Cir. 2001); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  The ALJ does not have to use every piece of medical evidence to support his conclusion.  *See Dunn v. Comm'r, Soc. Sec. Admin.*, No. SAG-11-2217, 2013 WL 822383, at *2 (D. Md. Mar. 4, 2013) ("The ALJ is charged with considering all of the evidence and then setting forth the evidence used to support her opinion.").  The ALJ considered Dr. Khan's opinion and properly explained his reasons for according it only "some weight."

Unlike what Plaintiff suggests, there are jobs in the national economy that he can perform.  At the hearing, the VE mentioned several jobs that exist in significant numbers in the

national economy that a person with Plaintiff's RFC could do.  The VE also explained that these jobs require "only minimal bending."  R. 32-3.  The ALJ correctly determined Plaintiff's RFC, which included occasional stooping, and because it was based on substantial evidence the jobs the VE mentions are jobs that Plaintiff can perform.

Plaintiff's argument that there would be a complete inexistence of jobs under Social Security Ruling 96-9p if it was found that he could not bend, is unpersuasive. The Social Security Administration Ruling only states that the number of jobs would become more limited, not non-existent, and that usually people are found disabled if they cannot bend, however this is not always the case.  SSR 96-9p, 1996 WL 374185 at *8 (July 2, 1996) ("A complete inability to stoop would *significantly erode* the unskilled sedentary occupational base and a finding that the individual is disabled would *usually* apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work.") (Emphasis added).  The ALJ properly assessed Dr. Khan's medical opinion and found that Plaintiff can occasionally bend, rendering the jobs mentioned by the VE feasible for Plaintiff.

## IV.    Conclusion

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion, **DENIES** Commissioner's Motion, and **REMANDS** this matter to the Commissioner for further proceedings consistent with this opinion.

July 5, 2016                                                                    /s/
                                                                    Charles B. Day
                                                                    United States Magistrate Judge

CBD/yv/kw

10